IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Pamela G. Magwood, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:03-3350-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne Barnhart, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Harriet McBryde Johnson ("Johnson"), counsel for Pamela G. Magwood ("Magwood"), seeks attorney's fees for services rendered in the above-captioned social security action in the amount of Eight Thousand Thirteen Dollars ($8,013.00). Johnson's representation of Magwood resulted in an award of retroactive benefits in an amount exceeding Thirty-two Thousand Dollars ($32,000.00).

The Commissioner of Social Security objects to an award of fees and argues that Johnson waived her entitlement to attorney's fees because she did not file her petition within a reasonable time. In the alternative, the Commissioner argues that the court should not award the entire fee requested because it is unreasonable and would result in a windfall.

A petition for attorney's fees under § 406(b) must be filed within a reasonable time. Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987). The Commissioner notified Johnson of the amount of Magwood's past-due benefits on July 12, 2005. However, Johnson waited over 10 months to file a fee petition. Although Johnson has not offered an explanation for her

1

tardiness, the court finds that Johnson filed her petition within a reasonable time.  Therefore, the court will consider the merits of Johnson's petition.

Based upon a review of the petition and the factors to be considered in awarding attorney's fees in a Social Security case,[1] the court finds that an award of Eight Thousand Thirteen Dollars ($8,013.00) is reasonable.  See Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in particular cases.").  Pursuant to a contingency fee agreement with Magwood, Johnson seeks attorney's fees in the amount of twenty-five percent (25%) of any past-due benefits.  In compliance with 42 U.S.C. § 406(b)(1)(A), Johnson's requested fee does not exceed twenty-five percent (25%) of any past-due benefits.

The requested attorney's fee is reasonable[2] given that Johnson expended more than twenty (20) hours working on this matter and achieved a successful result for Magwood without any unreasonable delay.  Further, in light of Johnson's specialized skill in Social Security disability cases, an hourly rate of $348.39, calculated based on the requested fee of $8,013.00

---

[1] Courts have considered the following factors in awarding attorney's fees: "(1) novelty of questions and skill required, (2) customary fees, (3) contingency of fee, (4) nature and length of professional relationship, and (5) amount involved and results obtained."  Craig v. Sec'y, Dep't of Health and Human Servs., 864 F.2d 324, 326 (4th Cir. 1989), abrogated on other grounds by Gisbrecht v. Barnhart, 535 U.S. 789 (2002).

[2] "In exercising [the court's] discretion, . . . [the court] must adhere to established principles of law, and it must clearly explain its reasons for the award [of attorney's fees]."  Craig, 864 F.2d at 328.

2

divided by the 23 hours expended, does not amount to a windfall.[3]  Cf. Brown v. Barnhart, 270

F. Supp. 2d 769, 772-73 (W.D. Va. 2003).

Therefore, it is

**ORDERED** that Johnson is awarded attorney's fees in the amount of Eight Thousand

Thirteen Dollars ($8,013.00).

**IT IS SO ORDERED**.


                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
July 13, 2006

---

[3] Johnson has already been awarded attorney's fees in the amount of Three Thousand Two Hundred Three Dollars and Twenty Cents ($3,203.20) pursuant to the Equal Access to Justice Act ("EAJA").  See Magwood v. Barnhart, 03-3350-HMH (D.S.C. Apr. 13, 2005). Johnson must refund Magwood the amount awarded pursuant to the EAJA.  See Gisbrecht, 535 U.S. at 796.

3